IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FARON DAVENPORT, #K91501, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-00099-SMY |
| | ) |
| HEALTH CARE UNIT, | ) |
| NURSE PRACTITIONER, | ) |
| DOCTOR, | ) |
| HEALTH CARE UNIT | ) |
| ADMINISTRATOR, and | ) |
| WARDEN GRISSOM, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Faron Davenport, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Vienna Correctional Center. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### Complaint

Davenport makes the following allegations in the Complaint (Doc. 1): Davenport was prescribed Ibuprofen and Naproxen upon his arrival at Vienna on November 3, 2021, despite his documented allergy to Ibuprofen. He was not aware that Naproxen contained Ibuprofen until the health care administrator told him. He suffered a painful rash on his scalp, scars, blemishes, and skin discoloration. The doctor and nurse practitioner knew or should have known of the dangers

of prescribing a medication for which he had a documented allergy.

Based on the allegations in the Complaint, the Court designates the following claim in this *pro se* action:[1]

> Count 1: Eighth Amendment claim against Defendants for exhibiting deliberate indifference to Davenport's serious medical needs by prescribing medication on November 3, 2021 for which Davenport had a known allergy.

## Preliminary Dismissals

Because Davenport makes no allegations against Warden Grissom, he will be dismissed without prejudice for failure to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) (merely naming a party in the caption of a Complaint is not enough to state a claim against that individual). The Health Care Unit is not subject to suit for money damages under § 1983; it will be dismissed with prejudice. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("a state and its agencies are not suable 'persons' within the meaning of section 1983").

## Discussion

To survive preliminary review under § 1915A, a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), which includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Plaintiffs must also associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and they can properly answer the Complaint. *Id.* at 555. And because Davenport brings his claims under §1983, he must allege that each defendant was personally involved in the deprivation of a

---

[1] Any claim mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

2

constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation") (internal citations and quotation marks omitted).

Davenport fails to ascribe specific conduct to specific defendants. He does not state which defendant(s) prescribed the medication on November 3, 2021 or whether any defendant was aware that he had been prescribed the medication. He does not state when the Health Care Unit Administrator told him that Naproxen contains Ibuprofen. In sum, he fails to explain what role, if any, each defendant played in the alleged unconstitutional conduct.

Accordingly, the Complaint will be dismissed without prejudice. Davenport will be given an opportunity to re-plead his claims.

## Disposition

Warden Grissom is **DISMISSED without prejudice** and the Health Care Unit is **DISMISSED with prejudice**; the Clerk of Court is **DIRECTED** to **TERMINATE** them as parties.

The Complaint is **DISMISSED without prejudice** for failure to state a claim for relief. Davenport is **GRANTED** leave to file a First Amended Complaint by **May 5, 2022**. The First Amended Complaint will be subject to review under 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 22-99). Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the

who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions.

While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party and describe each Doe Defendant and their involvement in the alleged unconstitutional conduct (for example, John Doe did X and Jane Doe did Y). To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail him a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to a previously filed Complaint. The First Amended Complaint must stand on its own, without reference to any previous pleading. Plaintiff should attach any exhibits that he wishes to submit with the First Amended Complaint.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims. *See* Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

If judgment is rendered against Plaintiff and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs. *See* 28 U.S.C.

§ 1915(f)(2)(A).

Plaintiff is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 5, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**